GROVER L. COVINGTON, Chief Judge.
This appeal involves the dismissal of a writ of habeas corpus by the Family Court of East Baton Rouge Parish, which ruled it lacked the necessary jurisdiction to act on the writ. For the following reasons, we reverse that judgment and remand the matter for proceedings in accordance with this decision.
The record before us is scant with the only recitation of facts being provided by the appellant’s brief. We have not been furnished with the testimony which may have been elicited at the hearing held in this case.
Appellant, Calvin B., is the natural father of the fifteen year old minor, L.K., who is also the adopted daughter of James K., her mother’s husband. In October, 1985, L.K. went to Florida, where her natural father resides, seeking protection from her adoptive father’s “asserted beatings and fon-dlings.” Appellant petitioned a Florida Circuit Court for temporary custody which was awarded to his mother, whom L.K. resided with for one month. At a subsequent hearing held December 6, 1985, the Florida court ordered that L.K. be remanded to the custody of the proper Louisiana authorities for adjudication since the events in question had occurred in St. John the Baptist Parish, where she resided with her mother and adoptive father.
L.K. returned home and on December 30, 1985, was apparently taken by James K. to the office of Judge Thomas J. Malik of the 40th Judicial District Court, St. John the Baptist Parish. On that date, Judge Malik signed two orders, which are contained in the record, purporting to transfer the custody of the minor to the Department of Health and Human Resources (DHHR).
One order states that James K., the adoptive father, sought to have custody of the minor transferred to DHHR based upon the St. John the Baptist Parish coroner’s recommendation that she be committed to the Department of Mental Health. It then orders that L.K. be “admitted to the Greenwell Springs Hospital for evaluation and diagnosis.” (This hospital is located in East Baton Rouge Parish).[1] Following this is a handwritten notation stating that the minor was, “Found to be in need of Supervised Care.” It is signed by the judge, Barry Landry, appointed counsel for the minor, and Robert Levenstein, representing the State. Under the signature of Mr. Landry is a handwritten notation stating, “[L.K.] does not consent.”
The other order is a printed form entitled ORDER GRANTING CUSTODY. Typed above this heading is the word, “TEMPORARY.” This order states that the court, exercising its authority as a juvenile court, *195 remands custody of the juvenile to DHHR. Both orders were filed at the identical time. L.K. was sent to the Greenwell Springs facility where she is still being held.
No further action was taken until February 3,1986, when a petition was filed in the Juvenile Court of St. John the Baptist Parish by the district attorney’s office seeking to have L.K. adjudged a delinquent for breaking personal items belonging to James K. A pre-disposition hearing was set for February 24, 1986. The matter, however, was not heard until February 27, 1986, at which time it was continued because no parties appeared.
It was also in February, 1986, that Calvin B. learned of his daughter’s commitment. On March 5, 1986, he filed a petition for writ of habeas corpus in the Nineteenth Judicial District Court, East Baton Rouge Parish. The court, ex proprio motu, transferred the matter to the Family Court for East Baton Rouge Parish. In addition to the writ seeking release of his daughter, Calvin B. also requested that custody pen-dente lite be granted to him or his mother.
A hearing was held in Family Court on March 11, 1986, at which time the trial court rendered a judgment dismissing the writ because it lacked “jurisdiction to rule upon or modify the order of the 40th Judicial District Court.”[2] This devolutive appeal by Calvin B. followed.
LSA-R.S. 13:1401 provides for the jurisdiction of the East Baton Rouge Parish Family Court. It states in pertinent part:
There is hereby established the family court for the Parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
[[Image here]]
(8) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law for the juvenile courts, and particularly but not restricted to the jurisdiction, power, and authority under the provisions of R.S. 13:1669 through R.S. 13:1592.
Additionally, Louisiana Code of Juvenile Procedure article 17B provides jurisdictional grounds as follows:
B. Except to the extent that a court exercising juvenile jurisdiction has determined custody of a child in a judgment of disposition after the child has been adjudicated delinquent, in need of supervision, or in need of care, nothing contained in Articles 14 through 17 shall deprive courts exercising civil jurisdiction of the right to determine custody of a child under writs of habeas corpus or other proceedings, or to determine the custody of a child when such custody is incidental to the determination of cases pending in such courts.
When read in pari materia, the above quoted provisions clearly grant the Family Court jurisdiction to act upon this writ of habeas corpus. Apparently the family court judge deferred acting on the matter based upon the exception clause of C.J.P. art. 17B which limits the power of a juvenile court to act in those situations where a prior adjudication has taken place in another court. However, a review of the record, especially those documents obtained from the 40th Judicial District Court, shows that there has not been a proper adjudication in this case. Although one of the orders granting custody to DHHR contains the notation, “Found to be in need of Supervised Care,” the record is devoid of any evidence to indicate that the appropriate procedures for adjudication as mandated by the Code of Juvenile Procedure, were followed.
*196 Accordingly, the judgment of the Family Court of East Baton Rouge Parish dismissing the writ of habeas corpus filed by Calvin B. on behalf of L.K. is reversed. This case is remanded to that court for a hearing on the merits of the writ of habeas corpus, to be held within ten days of the date of this judgment. Costs of this appeal totalling $228.29 are assessed to the appel-lees.
REVERSED AND REMANDED.

. La. Code of Civil Procedure art. 3822 provides: Habeas corpus proceedings may be brought in the parish in which the defendant is domiciled or the parish in which the person detained is in custody.

. Because we remand, finding there was jurisdiction to hear this matter, we need not treat the merits of the petition for writ of habeas corpus.